IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NOS. 12-214, 13-686, 13-687, 14-49 |
| ISTVAN MERCHENTHALER | : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER**

The United States of America, through its attorneys, Zane David Memeger, United States Attorney in and for the Eastern District of Pennsylvania, and Vineet Gauri, Assistant United States Attorney, moves for a protective order concerning certain discovery.  In support of this motion, the parties state as follows:

1.	On May 3, 2012, defendant Istvan Merchenthaler was indicted in this District on four (4) counts of wire fraud, one (1) count of aggravated identity theft, and two (2) counts of money laundering. These charges related to defendant Merchenthaler's operation of a "Ponzi" scheme in which he fraudulently obtained over $2 million from over 200 investors.

2.	From on or about May 10, 2012 to on or about October 15, 2012, defendant Istvan Merchenthaler was granted bail and placed on electronic monitoring by this Court pending conclusion of his trial on the above-identified charges.

3.	On or about October 15, 2012, defendant Istvan Merchenthaler removed his electronic monitoring device. Shortly thereafter, a warrant was issued for his arrest by the Honorable Robert F. Kelly based on defendant Merchenthaler's violation of his pretrial release conditions and a petition by United States Pretrial Services.

1

4.     From on or about October 15, 2012 to on or about February 15, 2013, defendant Istvan Merchenthaler was a fugitive from justice. As a fugitive during this time period, defendant Merchenthaler resided in this District, the District of Maryland, and the Eastern District of North Carolina.

5.     On or about February 15, 2013, defendant Istvan Merchenthaler was arrested by the United States Marshals Service and the Maryland State Police near Bel Air, Maryland. Shortly after his arrest, authorities in Maryland and North Carolina discovered large caches of weapons, ammunition, and explosives that defendant Merchenthaler had stockpiled in storage locations in both states.

6.     On March 7, 2013, the federal grand jury in this District issued a superseding indictment in Criminal No. 12-214 charging defendant Istvan Merchenthaler with four (4) counts of wire fraud, two (2) counts of aggravated identity theft, four (4) counts of money laundering, two (2) counts of filing false tax returns, and two (2) counts of interstate transportation of stolen goods.

7.     On August 6, 2013, defendant Istvan Merchenthaler was indicted in the Eastern District of North Carolina on weapons, ammunition, and explosives charges ("the North Carolina case"). With the consent of both the government and defendant Merchenthaler, the North Carolina case was transferred to this District under Rule 20 of the Federal Rules of Criminal Procedure.

8.     On September 23, 2013, defendant Istvan Merchenthaler was indicted in the District of Maryland on weapons, ammunition, and explosives charges ("the Maryland case"). With the consent of both the government and defendant Merchenthaler, the Maryland

case was transferred to this District under Rule 20 of the Federal Rules of Criminal Procedure.

9.    On January 30, 2014, defendant Istvan Merchenthaler was indicted and charged in this District with possession of unregistered firearms and being a fugitive in possession of firearms and ammunition, in violation of 26 U.S.C. §§ 5845(a)(8), 5861(d), 5871 and 18 U.S.C. §§ 922(g)(2).  Merchenthaler is now in custody at the Federal Detention Center in Philadelphia.

10.   The government is prepared to produce additional discovery, including grand jury transcripts, reports of interviews, transcripts of consensually recorded conversations, search warrant affidavits, immunity letters, and/or cooperation plea agreements.  However, the government is concerned for the safety of its witnesses and the integrity of its evidence.  Specifically, the government is concerned that if this discovery is in the possession of the defendant, the safety of witnesses and the integrity of evidence may be compromised.

11.   As has been publicized in media accounts, and as the Court is doubtless aware, there have been many instances where witnesses' photographs, statements, and personal information have been disseminated to other persons, who then threatened, harassed, or harmed witnesses.  For example, in a case prosecuted in this district, a defendant's associates distributed fliers in a cooperator's neighborhood, with the cooperator's name, photograph, and personal information included in the flier, labeling the cooperator a "rat" and a "snitch."  They also had the cooperator's information posted on the "Who's a Rat" internet web site.  In another case prosecuted in this district, the government produced to defense counsel copies of photo books, which had been used by police and ATF to show cooperating witnesses for the purpose of identifying members of a drug gang.  Defense counsel provided copies of these books to the incarcerated defendants, who copied the photos and had other inmates mail the photos to persons

outside the Federal Detention Center ("FDC"). Those persons, in turn, widely distributed the photos throughout the area, resulting in threats against the cooperators.

12. Plainly, the government's interest in protecting its witnesses and evidence is real. While the government of course will provide discovery to defense counsel in this and in all cases, the government wishes to do so under circumstances that will prevent the wider dissemination -- accidental or intentional -- of this discovery.

13. Federal Rule of Criminal Procedure 16(d)(1) provides, in pertinent part: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Pursuant to this provision, courts routinely issue protective orders. Thus, for example, a court in the Southern District of New York granted a protective order that (a) required defense counsel to return or destroy all copies of Jencks material at the conclusion of the case, (b) prohibited defense counsel from disseminating material to anyone other than the defendants and the defense team, and (c) prohibited defendants from possessing in any jail facility, any of the materials disclosing or referring to the identity and expected testimony of any witness other than a government agent, except when reviewing such materials in the presence of defense counsel. In explaining its order, the court observed:

> Any lawyer with experience in the criminal justice system knows that copies of witness statements or other discovery material are often passed from hand to hand within the prisons. In particular, the wide dissemination of statements by cooperating witnesses who are regarded as "snitches" or "rats" by their criminal associates, and who often must serve their own sentences in close proximity to other prisoners, poses obvious dangers. It is not enough to say, as the defendants argue in this case, that the damage is done by the mere disclosure that a witness has cooperated with the authorities. Hard evidence of a witness' betrayal can facilitate retaliation or intimidation of the witness. It is therefore appropriate, in a case where such retaliation may be feared, to restrict the circulation of such material.

United States v. Garcia, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (the court observed that defendants "have no right to extended independent review of [Jencks Act] materials in the privacy

of their cells."). See also United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007) ("Courts may issue protective orders 'for good cause.'"); United States v. Moore, 2013 WL 3742414 (E.D.Pa. 2013) (Sanchez, J.) ("Federal Rule of Criminal Procedure 16 allows district courts to use protective orders to regulate the dissemination of criminal discovery."); United States v. Rivera, 153 Fed. Appx. 758 (2d Cir. 2005) (district court's protective order prohibiting defendant from retaining Jencks Act material at his detention facility did not deprive defendant of effective assistance of counsel, where defendant was given ample opportunity to review Jencks Act material and to consult his lawyer regarding that material); United States v. Shyrock, 342 F.3d 948, 983 (9th Cir. 2003) (district court did not abuse its discretion in issuing protective order whereby government provided defense counsel with one copy of the covered documents to be kept in a secure location accessible only to defense counsel); United States v. Scott, 2008 WL 4372814 (M.D.Pa. 2008) (denying reconsideration of protective order pursuant to which government made Jencks material available to defense counsel but court imposed restrictions on copying; court noted that "[w]hile the Defendant has been permitted to review the contents of the ... witness statements ..., turning over hard evidence of witness cooperation risks facilitating witness intimidation."); United States v. Basciano, 2006 WL 2270432 (E.D.N.Y. 2006) (denying defense request to retain Jencks material pending retrial, and instead ordering that all Jencks material in the possession of the defendants be returned to the Clerk and stored under seal until defendants, with good cause, petitioned the court for release; court notes that its original protective order -- which prohibited the distribution of Jencks material to anyone other than defendants, defense counsel, and defense counsel's legal staff, and which required that all Jencks materials be returned to the government within 48 hours of the conclusion of the trial -- was issued in reaction to the dissemination of

Jencks material to members of the Bonanno organized crime family and the defense bar in an earlier, related case by another defendant and his counsel).

14. Given the government's strong interest in protecting the safety of its witnesses and the integrity of its evidence, the government proposes a protective order with the following conditions:

a. The government will provide grand jury transcripts, reports of interviews, transcripts of consensually recorded conversations, search warrant affidavits, immunity letters, and/or cooperation plea agreements (collectively, "Protected Material") to counsel for the defendant.

b. Defendant's counsel will make the Protected Material available for review by his client under such circumstances as to ensure that their client cannot make any copy of any portion of the Protected Material.

c. Defense counsel shall not reproduce any portions of the Protected Material, shall not permit other persons to copy the Protected Material, and shall not disseminate copies of the Protected Material, except that counsel may make any copies necessary for their work on the defense of this matter and may provide copies to their staff and to third parties, such as experts, as may be necessary for their work on the defense of this matter, provided that, if counsel does so, counsel shall provide such persons with a copy of this protective order, shall advise such persons that the Protected Material is not to be further copied or disseminated, and shall have such persons return to them all copies of the Protected Material as soon as reasonably practical.

d. This order may be revised by the Court at any time. Nothing in this order will preclude the defendant upon proper motion from seeking any additional discovery from the government, or from conducting any independent investigation.

15. Mark Wilson and Elizabeth Toplin, counsel for the defendant Istvan Merchenthaler, have stated that they do not oppose this motion for protective order.

WHEREFORE, the United States respectfully requests that its motion for protective order be granted.

        Respectfully submitted,

        ZANE DAVID MEMEGER
        United States Attorney

        /s Vineet Gauri
        VINEET GAURI
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NOS. 12-214, 13-686, 13-687, 14-49 |
| ISTVAN MERCHENTHALER | : | |

### **PROTECTIVE ORDER**

This matter having been presented to the Court by the unopposed motion of the government for a protective order covering certain discovery to be produced in this case, and it appearing that these materials could be used to threaten, intimidate or harm witnesses in this case and/or destroy evidence, and good cause having been shown, the Court enters the following order:

AND NOW, this ____ day of _____, 2014, it is hereby ORDERED that:

a. The government will provide copies of grand jury transcripts, reports of interviews, transcripts of consensually recorded conversations, search warrant affidavits, immunity letters, and/or cooperation plea agreements (collectively, "Protected Material") to counsel for the defendant.

b. Defendant's counsel will make the Protected Material available for review by their client. However, counsel will ensure that their client cannot make any copy of any portion of the Protected Material.

c. Defense counsel shall not reproduce any portions of Protected Material, shall not permit other persons to copy the Protected Material, and shall not disseminate copies of the Protected Material, except that counsel may make any copies necessary for their work on the defense of this matter and may provide copies to their staff and to third parties, such as experts, as may be necessary for their work on the defense of this matter, provided that, if counsel does so, counsel shall provide such persons with a copy of this protective order, shall advise such persons that the Protected Material is not to be further copied or disseminated, and shall

      have such persons return to them all copies of the Protected Material as soon as reasonably practical.

d.    This order may be revised by the Court at any time.   Nothing in this order will preclude the defendant upon proper motion from seeking any additional discovery from the government, or from conducting any independent investigation.

        BY THE COURT:

_____
HONORABLE ROBERT F. KELLY
United States District Judge

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion has been served via electronic mail, and/or electronic filing, on the following:

>Mark Wilson, Esq.
>Elizabeth Toplin, Esq.
>Assistant Federal Defenders
>The Curtis Center
>601 Walnut Street, Suite 540 West
>Philadelphia, PA 19106
>Mark_Wilson@fd.org
>Elizabeth_Toplin@fd.org

>/s Vineet Gauri
>VINEET GAURI
>Assistant United States Attorney